# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| THOMAS THELEN, next friend of Kaitlyn Thelen, a minor child,<br><br>    Plaintiff,<br>vs.<br>JOE and CHERITH THELEN,<br><br>    Defendants. | No. C 14-4079-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING THE DEFENDANTS' FIRST MOTION IN LIMINE**<br><br>***FILED UNDER SEAL*** |

_____

    This case, arising from an incident in which the defendants' dog bit the plaintiff's minor child, is before me on the defendants' February 16, 2016, First Motion In Limine (docket no. 20). In their Motion, the defendants challenge the admissibility of five categories of evidence: (1) evidence of liability insurance; (2) evidence of settlement discussions; (3) evidence of past medical bills; (4) evidence of future medical bills; and (5) evidence of the child's parents' emotional distress. In his Resistance (docket no. 21), filed February 26, 2010, the plaintiff resists only the exclusion of the last two categories of evidence. Consequently, I will specifically address only those two categories of evidence.

    As to evidence of future medical bills, the defendants contend that the plaintiff must demonstrate a need for and the cost of future treatments. In this case, the defendants argue, the plaintiff will also have to adduce evidence that the minor child is reasonably likely to forgo future medical procedures until she reaches the age of majority, or the expenses would not be hers to pay, and so, would be irrelevant. The plaintiff responds

that he has identified two experts who will testify that further surgical revision will improve the minor child's scarring, that one of the experts has testified in deposition as to the total cost of such future scar revision surgery, and that this expert has also testified in deposition that waiting until the minor child is an adult may be beneficial to her, because the technology will likely improve. Thus, the plaintiff contends that he has raised a jury question on this issue.

As the parties recognize, the Iowa Supreme Court explained, some time ago,

> To recover the cost of future medical treatment, a plaintiff must furnish substantial proof of the necessity for future treatment and the cost thereof. *Stanley v. State*, 197 N.W.2d 599, 607 (Iowa 1972); *Zach v. Morningstar*, 258 Iowa 1365, 1371, 142 N.W.2d 440, 444 (1966); *Shover v. Iowa Lutheran Hosp.*, 252 Iowa 706, 723, 107 N.W.2d 85, 95 (1961).

*Mossman v. Amana Soc'y*, 494 N.W.2d 676, 679 (Iowa 1993). In that case, the court held that a jury question was raised on reasonable necessity of future treatment and its estimated cost from testimony by a physician about the treatment he proposed, its success rate, and that it would be beneficial to the plaintiff, even though the plaintiff did not testify that her own physician had recommended that particular course of treatment. *Id*. The Iowa Court of Appeals has held that, "[w]hile a plaintiff does not necessarily have to accurately determine the cost of future medical expenses, there should be one or more qualified witnesses giving such an opinion upon which a jury may reasonably fix an allowance." *Nesbit v. Myers*, 576 N.W.2d 613, 614 (Iowa Ct. App. 1998) (citing *Shover v. Iowa Lutheran Hosp.*, 252 Iowa 706, 723, 107 N.W.2d 85, 95 (1961)). As I previously explained, in my September 16, 2015, Memorandum Opinion And Order Regarding Defendants' Motion For Partial Summary Judgment (docket no. 17), 2, "[a] minor may only recover for those future medical expenses which will be incurred after majority, absent assignment by the parent or emancipation." *See Reilly v. Straub*, 282

N.W.2d 688, 696 (Iowa 1979). Thus, in addition to providing adequate proof that a minor will require such treatment and its cost, the minor "must also show whether the treatment provided probably will be incurred after [s]he reaches [her] majority, when that evidence will control whether the damage claim will be [hers] or the property of another." *Id.*

Here, I conclude that the evidence to which the plaintiff points is sufficient to raise a jury question as to the reasonable necessity and cost of future treatment, *see Mossman*, 494 N.W.2d at 679, recognizing that an exact or accurate cost estimate is not required, *see Nesbit*, 576 N.W.2d at 614. I also conclude that, at least from the present description, the evidence to which the plaintiff points is sufficient—although perhaps just barely—to show that the minor child, here, probably will incur expenses for future treatment after she reaches her majority. *Reilly*, 282 N.W.2d at 696. I am concerned, however, that testimony that "technology will likely have improved" by the time the minor child is an adult, so that she will benefit from waiting, is merely speculative, if it is not coupled with testimony about promising treatments, appropriate for the minor child's injuries, that are currently being tried or tested and their prospects of success and approval. Thus, I will deny the defendants' pretrial motion to exclude this evidence, but without prejudice to a challenge to such evidence at trial.

As to evidence of the child's parents' emotional distress, the defendants argue that the minor child's parents should not be allowed to testify about their own reaction to the minor child's injuries, how they made them feel, how the recovery process has impacted the family, or matters of a similar nature, because the parents' claims for damages for emotional distress or loss of consortium are time-barred. The plaintiff argues that the parents' testimony about the time that the minor child's ambulance ride took, the fact that they were separated from the minor child during the ambulance ride, the time that the minor child's surgery took, the fact that the parents took turns sleeping

3

with the minor child for months after her surgery, and the parents' reaction upon seeing the minor child's injuries are all relevant to and admissible on *the minor child's* claims for past pain and suffering, mental anguish, and past loss of function.

It appears to me that the parties are talking past each other on this issue. The defendants are correct that the *parents'* claims for loss of consortium or emotional distress are time-barred, *see* IOWA CODE § 614.1(2), so that the defendants are correct that *the parents'* impressions, emotions, and reactions are irrelevant, unduly prejudicial, confusing, and misleading. *See* FED. R. EVID. 401 (defining relevant evidence) and 403 (permitting exclusion of even relevant evidence, if its probative value is substantially outweighed, *inter alia*, by a danger of prejudice, confusing the issues, or misleading the jury), and Advisory Committee Notes (explaining prejudice). On the other hand, the parents' firsthand, factual observations of various circumstances may be relevant and admissible to indicate the *child's* distress. *See* FED. R. EVID. 401 (evidence is relevant if it has any tendency to make a fact of consequence more or less probable). Such firsthand observations may include the parents' observations about the duration of the ambulance ride, the minor child's separation from her parents during that ride, the child's need or desire (if such was the case) for a parent to sleep with her for months after the surgery, or the child's loss of function. The line between the parents' perspective on circumstances, as indicative of their emotional distress, and the parents' firsthand observations about circumstances, from which the minor child's emotional distress may be surmised, may be difficult to draw outside of the context of trial testimony. Thus, this part of the defendants' motion is granted, to the extent that the plaintiff cannot present evidence about the parents' impressions, emotions, and reactions, but denied as to evidence of the parents' firsthand, factual observations of the circumstances surrounding the child's injury, treatment, recovery, and behavior.

THEREFORE, the defendants' February 16, 2016, First Motion In Limine (docket no. 20) is **granted in part and denied in part**, as follows:

1. The parts of the defendants' Motion seeking to exclude (a) evidence of liability insurance; (b) evidence of settlement discussions; and (c) evidence of past medical bills are **granted**;

2. The part of the defendants' Motion seeking to exclude evidence of future medical bills is **denied**, but without prejudice to a challenge to such evidence at trial; and

3. The part of the defendants' Motion seeking to exclude evidence of the child's parents' emotional distress is **granted**, to the extent that the plaintiff cannot present evidence about the parents' impressions, emotions, and reactions, but **denied** as to evidence of the parents' firsthand, factual observations of the circumstances surrounding the child's injury, treatment, recovery, and behavior.

IT IS FURTHER ORDERED that, to avoid exposure of potential jurors to information about excluded evidence, this ruling shall be sealed until ten days after completion of trial or any settlement, unless a party files a motion within that ten-day period showing good cause why the ruling should remain sealed.

**IT IS SO ORDERED**.

**DATED** this 8th day of March, 2016.

*/s/ Mark W. Bennett*
———————————————
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA